IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-HC-2064-FL

| ENOC ALCANTARA-MENDEZ, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| J.C. HOLLAND, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal civil detainee proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

On April 22, 2003, petitioner pleaded guilty in the United States District Court for the District of Puerto Rico to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(A). United States v. Alcantara-Mendez, No. 3:03-CR-18-FAB-1 (D.P.R. Apr. 22, 2003). Petitioner was subsequently sentenced to a term of 40 months' imprisonment and 3 years supervised release. Id. (Aug. 22, 2003). Petitioner's conviction and sentence were affirmed on direct appeal, with exception that the First Circuit vacated one of his supervised release conditions. Id. (Oct. 28, 2005). Petitioner also has filed at least two motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Alcantara-Mendez v. United States, No. 3:16-CV-1973 (D.P.R. June 16, 2016) (denying leave to file second or successive § 2255 petition).

Following his release from custody, the sentencing court revoked petitioner's supervised release, and he was thereafter sentenced to an additional term of nine months' imprisonment. United States v. Alcantara-Mendez, No. 3:03-CR-18-FAB-1 (D.P.R. June 6, 2006). On February 28, 2007, the day of his scheduled release from custody, petitioner was charged with making threats to assault and murder a federal judge. United States v. Alcantara-Mendez, No. 3:07-CR-86-ADC-1 (D.P.R. Feb. 28, 2007). The district judge in petitioner's new criminal case found petitioner incompetent to stand trial, and he was thereafter committed to the custody and care of the attorney general pursuant to 18 U.S.C. § 4246. United States v. Alcantara-Mendez, No. 5:11-HC-2178-BR (E.D.N.C. June 29, 2012). Petitioner remains committed under § 4246 at the Federal Medical Center-Butner. ("FMC-Butner"). Id. (May 30, 2018). Upon release from commitment, petitioner will be subject to an additional term of supervised release stemming from his original 2003 conviction for possession of child pornography.[1] Alcantara-Mendez v. United States, No. 3:16-CV-1973-FAB (D.P.R. Aug. 12, 2016).

Petitioner filed the instant petition on March 15, 2018. Thereafter, petitioner moved to suspend preliminary review of the petition pending filing of amended petition. On November 15, 2018, the court granted petitioner's motion to suspend preliminary review, and directed petitioner to file amended petition within 30 days of entry of the order. Petitioner timely complied by filing amended petition on December 20, 2018. The instant amended petition raises the following grounds for relief: 1) his conviction under 18 U.S.C. § 2552(a)(4) is invalid because the government cannot

---

[1] Where petitioner is subject to additional term of supervised release after release from civil commitment, the court assumes, without deciding, that petitioner satisfies the "in custody" requirement for bringing a habeas petition under § 2241. See Maleng v. Cook, 490 U.S. 488 (1989) (per curiam) (discussing jurisdictional requirement that petitioner be in custody pursuant to the challenged judgment to bring habeas petition). In light of the court's dismissal of the petition as set forth below, it is not necessary to address this issue.

2

prove certain elements of the offense; and 2) his conviction is invalid because the government of Puerto Rico did not take care that 18 U.S.C. § 2552(a)(4) be faithfully executed.[2]

## DISCUSSION

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction. The legality of a prisoner's conviction must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255(e) – known as the "savings clause" – is a limit on the court's subject matter jurisdiction to consider a § 2241 petition challenging a conviction or sentence, and thus compliance with the savings clause's requirements cannot be waived by the parties. United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018); see also Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1340 (11th Cir. 2013). The burden is on the petitioner to allege sufficient facts to show that § 2255 is an inadequate or ineffective remedy. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Anderson v. Andrews, 707 F. App'x 790 (4th Cir. 2018) (per curiam) (noting that petitioner "fails to satisfy his burden of demonstrating that 28 U.S.C. § 2255 (2012) is an inadequate or ineffective means of challenging the validity of his detention").

The Fourth Circuit has developed the following standard for finding that § 2255 is an inadequate or ineffective remedy in the context of § 2241 challenges to a conviction. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

---

[2] Petitioner's original petition (DE 4) raised additional grounds for relief that were not included in the amended petition. The court assumes petitioner has abandoned such claims. But even assuming the additional claims in the original petition are properly before the court, they would be subject to dismissal for the same reasons as the claims in the amended petition, as set forth below.

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194 n.5.

Petitioner cannot satisfy the Jones test. Petitioner has not demonstrated that "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Jones, 226 F.3d at 334. The conduct underlying petitioner's criminal offense remains criminal. See 18 U.S.C. § 2552(a)(4). Petitioner has therefore not shown that § 2255 is an inadequate or ineffective remedy under the Jones test.[3] Accordingly, the court lacks jurisdiction to resolve the petition on the merits, and the petition is dismissed without prejudice. Wheeler, 886 F.3d at 426.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

---

[3] To the extent petitioner is arguing that § 2255 is inadequate or ineffective because his § 2255 motion raising these claims should not have been dismissed as successive, this circumstance standing alone does not entitle petitioner to review of his conviction under § 2241. See Jones, 226 F.3d at 333-34. Petitioner filed an appeal of the subject § 2255 ruling, but the First Circuit declined to issue a certificate of appealability or grant authorization to file a second or successive § 2255 petition. Alcantara-Mendez v. United States, No. 3:16-CV-1973 (D.P.R. Jun 16, 2016). This court, of course, has no authority to review petitioner's conviction or sentence simply because he is dissatisfied with the outcome of his prior § 2255 motion.

The court also cannot convert the petition into a § 2255 motion because petitioner previously has filed such a motion. Alcantara-Mendez v. United States, No. 3:16-CV-1973 (D.P.R. May 25, 2016). Petitioner must seek pre-filing authorization from the First Circuit before filing a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255(h); see Evans-Garcia v. United States, 744 F.3d 235, 237 (1st Cir. 2014).

## CONCLUSION

Based on the foregoing, the petition is DISMISSED without prejudice. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 10th day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge